## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )                            | |
| Plaintiff,    )              | Civil Action No. |
| )                            | |
| v.    )                      | **JURY TRIAL DEMANDED** |
| )                            | |
| FRANKLIN COUNTY, PENNSYLVANIA )  o/a | |
| FRANKLIN COUNTY JAIL,    )    | |
| )                            | |
| Defendant.    )              | |

## COMPLAINT

Plaintiff United States of America alleges:

1.      This action is brought by the United States against Defendant Franklin County, Pennsylvania operating as Franklin County Jail to enforce Title I of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §§ 12111-12117, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* Title I of the ADA prohibits employment discrimination based on disability.

2.      Defendant violated Title I of the ADA by failing to make a reasonable accommodation for the known physical or mental limitations of an otherwise qualified employee with a disability.

3.      This Court has jurisdiction over this action under 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345.

4.      This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

5.      Venue is proper under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendant is located in this judicial district and the events and omissions giving rise to this action occurred in this judicial district.

6.      Defendant is a person within the meaning of 42 U.S.C. §§ 2000e(a) and 12111(7), and 29 C.F.R. § 1630.2(c), an employer within the meaning of 42 U.S.C. §§ 2000e(b) and 12111(5), and 29 C.F.R. § 1630.2(e), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

## FACTS

### A.      The Complainant

7.      The complainant has physical and mental impairments that substantially limit major life activities, including walking, standing, concentrating, and sleeping.

8.      The Defendant hired complainant as a probationary corrections officer on April 20, 2017, and she worked at the Jail for approximately nine months.

9.      The Jail's shift supervisor on duty, who would vary on a day-to-day basis, oversaw the complainant's duties, which included observing, monitoring, and supervising inmate activities in cell blocks, housing units, work areas, and dining areas.

10.      The complainant had no performance issues while working at the Jail.

11.      In October 2017, the complainant began treatment for Lyme Disease.  This condition resulted in physical disabilities, including heart palpitations, debilitating joint pain in her knees and wrists, dizziness, and extreme fatigue that prevented the complainant from

working a 12 to 16-hour shift that was typical for correction officers at the Jail, as well as mental health disabilities of depression and anxiety with panic attacks.

12.     At the times relevant to the violation, the complainant suffered from chronic pain limiting her ability to walk, stand, concentrate, and sleep.

**B.     Defendant's Policies and Practices Related to Absences**

13.      Under the terms of the applicable collective bargaining agreement between the Defendant and American Federation of State, County and Municipal Employees (AFSCME) Local 89, a probationary correctional office is permitted two unscheduled absences during the one-year probationary period. No exception in the applicable collective bargaining agreement is made for individuals with disabilities who may be absent because of their disability.

14.     Absences on consecutive days for illness constitute one absence under the applicable collective bargaining agreement and Franklin County work rules.

**C.     The Complainant's Request for Accommodation and Subsequent Termination**

15.     On October 14 and 15, 2017, the complainant called in sick from work due to illness unrelated to her disability.

16.     On October 22, 2017, the complainant informed her shift supervisor of the pain and anguish she was suffering from the effects of Lyme Disease. The complainant's shift supervisor transported complainant to a medical crisis center, where complainant was evaluated, released, and referred to an Employee Assistance Program.

17.     After the October 22 incident, the Jail cleared the complainant to return to work on November 7, 2017, with certain work restrictions recommended by her treating physician due to Lyme Disease. Between the October 22 incident and her return to work, the complainant took 16 days of sick leave.

3

18.    On October 23, the complainant provided a doctor's note recommending that she work a light duty schedule of no more than 8 hours per day upon her return.

19.    On October 24, the Jail's Human Resource employees discussed the subject of accommodating the complainant for her Lyme Disease, and the Jail granted the complainant's request for light duty.

20.    Meanwhile, the complainant then became increasingly anxious that her job could be in jeopardy because of her missing work on account of her disabilities. She communicated directly with the Jail's Deputy Warden, by text and email, regarding these concerns.

21.    In response, on November 3, 2017, the Deputy Warden sent the complainant an email stating, "Moving forward, any time not worked will be Leave Without Pay and will be an excused absence approved by me."

22.    The complainant understood this email message from the Deputy Warden to mean that if she followed the chain of command by reporting the need for time off to her direct supervisor, she would not be considered absent for any time off related to her Lyme Disease-related illnesses.

23.    The complainant was absent from work on December 20, 2017, due to her Lyme Disease.

24.    The complainant provided a second doctor's note on December 26, 2017, requesting that she "continue on light duty for two more weeks due to her Lyme Disease." The Jail granted her request.

25.    For the December absence, the complainant contacted the Deputy Warden of the Jail directly. The Deputy Warden advised her to call the supervisor on duty in the future.

26.    The complainant was absent from work on January 3 and 4, 2018, due to her

Lyme Disease.

27.     The complainant contacted her shift supervisor for the January absences on the day of each absence. In each of these instances, the complainant relayed the reason for the absence was due to symptoms relating to her Lyme Disease.

28.     On January 8, 2018, the Jail directed the complainant to sign a Loudermill Notice, which is a letter giving notice of the government employer's intent to suspend, demote, or terminate the employee. The Notice was based on the complainant's alleged "number of sick occurrences" during her probationary period, namely, her absences of December 20, 2017, and January 3-4, 2018.

29.     On January 12, 2018, Defendant terminated the complainant for these absences.

30.     The complainant suffered emotional distress because of Defendant's actions.

31.     On or about September 9, 2018, the complainant filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Defendant discriminated against her in violation of the ADA by denying her reasonable accommodations and by terminating her because of her disability.

32.     Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated the complainant's charge and found reasonable cause to believe that Defendant discriminated against her in violation of the ADA.

33.     After the EEOC's conciliation efforts failed, the EEOC referred the matter to the United States Department of Justice.

34.     All conditions precedent to the filing of this action have been performed.

**CAUSE OF ACTION**

**Violation of Title I of the Americans with Disabilities Act**

35.　　The allegations of the foregoing paragraphs are hereby incorporated by reference.

36.　　Title I of the ADA, 42 U.S.C. §§ 12111−12117, and its implementing regulation, 29 C.F.R. Part 1630, prohibit covered entities, such as Defendant, from discriminating against qualified individuals on the basis of disability in regard to the discharge of employees and other terms, conditions, and privileges of employment, including by failing to provide reasonable accommodations to qualified employees with disabilities.

37.　　The complainant is a person with a disability because she has physical impairments that substantially limit one or more major life activities, including walking, standing, concentrating, and sleeping.  42 U.S.C. § 12102; 29 C.F.R. § 1630.2(g)-(j).

38.　　During all relevant times, the complainant was qualified for the correctional officer position because she could perform the essential functions of the job with reasonable accommodations.  42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

39.　　Defendant discriminated against the complainant in violation of Title I by not making reasonable accommodations by modifying its policies, practices or procedures for her known physical or mental limitations, and by terminating her on the basis of disability. 29 C.F.R. §§ 1630.2, 1630.4, 1630.9.

40.　　When the complainant's request for reasonable modifications was made and the complainant was terminated, Defendant knew of the complainant's physical limitations.

41.　　Reasonable accommodations include "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the

6

essential functions of that position;" and "[j]ob restructuring; . . . appropriate adjustment or modifications of . . . policies; . . . and other similar accommodations for individuals with disabilities." 29 C.F.R. § 1630.2(o)(1)(ii), (2)(ii).

42.     Defendant initially accommodated and could have reasonably continued to accommodate the complainant's physical limitations by modifying the two-absence rule to allow for additional absences on account of the complainant's known disability, but failed to do so.

43.     As a result of Defendant's discriminatory conduct, the complainant suffered and continues to suffer damages, including emotional distress.

## **Prayer for Relief**

WHEREFORE, the United States prays that this Court:

(a)     grant judgment in favor of the United States and declare that Defendant has violated Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its accompanying regulation;

(b)     enjoin Defendant and its agents, employees, successors and all persons in active concert or participation with it, from engaging in discriminatory employment policies, practices, and procedures that violate Title I of the ADA;

(c)     require Defendant to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Title I of the ADA and its implementing regulations;

(d)     order Defendant to train its supervisors and human resource staff regarding the requirements of Title I of the ADA;

(e)     award the complainant:

(i)     back pay with interest;

(ii)     the value of any lost benefits with interest;

(iii)   compensatory damages, including damages for emotional distress, for

injuries suffered as a result of Defendant's failure to comply with the

requirements of Title I of the ADA pursuant to and within the statutory

limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a; and

(f)   order such other appropriate relief as the interests of justice require, together with

the United States' costs and disbursements in this action.

### Jury Demand

The United States hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Respectfully submitted,

For the United States of America:

GERARD M. KARAM
United States Attorney
Middle District of Pennsylvania

s/ Michael J. Butler
Michael J. Butler (PA 81799)
Assistant United States Attorney
Middle District of Pennsylvania
228 Walnut Street Suite 220
Harrisburg, PA 17108
Telephone: (717) 221-4482
Michael.J.Butler@usdoj.gov

Date:  January 9, 2024

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

ANNE S. RAISH
Acting Chief
KEVIN J. KIJEWSKI
Deputy Chief
KIMBERLY SCHECKNER (BBO No. 638021)
Trial Attorney
United States Department of Justice
Civil Rights Division
Disability Rights Section
950 Pennsylvania Avenue, N.W.
4CON Room 9.1129
Washington, DC  20530
Telephone:  (202) 532-5360
Email:  Kimberly.Scheckner@crt.usdoj.gov